IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **HELEN P. SIMONS** ) | | FILED: MAY 14, 2009 |
| ) | | 09CV2962 |
| **PLAINTIFF** ) | | JUDGE LEFKOW |
| ) | | MAGISTRATE JUDGE VALDEZ |
| **VS.** ) | No. | CH |
| ) | | |
| **CITY OF CHICAGO PUBLIC** ) | | |
| **SCHOOL DISTRICT 299, an Illinois** ) | | |
| **School District, the CHICAGO** ) | | |
| **BOARD OF EDUCATION, also known** ) | | **Jury Demand** |
| **as the CHICAGO PUBLIC SCHOOLS** ) | | |
| **ROSABLA NAJERA-PORTE,** ) | | |
| **OTIS DUNSON III, and** ) | | |
| **HARLEE S. TILL** ) | | |
| ) | | |
| **DEFENDANTS** ) | | |

**COMPLAINT**

Now comes the Plaintiff, HELEN P. SIMONS, by her attorneys Pomper & Goodman complaining of the Defendants, the CITY OF CHICAGO PUBLIC SCHOOL DISTRICT 299, an Illinois School District, the CHICAGO BOARD OF EDUCATION, also known as the CHICAGO PUBLIC SCHOOLS, ROSABLA NAJERA-PORTE, OTIS DUNSON III and HARLEE S. TILL, and alleges and says as follows:

JURISDICTION AND VENUE

1. Plaintiff invokes this Court's jurisdiction pursuant to 28 USC Sec. 1331, 42 USC Sec. 2000e-5, 29 USC Sec. 794a, 42 USC Sec. 12101 et. seq., 42 USC Sec. 12131 et. seq., 42 USC Sec. 12203, 28 USC Sec. 1343(4) and 29 USC Sec. 626.

1

2. The unlawful employment practices alleged below were and are being committed within the Eastern Division of the Northern District of the State of Illinois.

PARTIES

3. The Plaintiff, Helen P. Simons, is a 79 year old female citizen of the United States and a resident of Cook County Illinois. She resides at 6145 N. Sheridan Road in Chicago, Illinois. At all times herein relevant she was employed by the Defendant, City of Chicago Public School District 299 through its Board of Education.

4. The Chicago Board of Education a/k/a the Chicago Public Schools oversees and operates the City of Chicago Public School District 299, an Illinois School District, hereinafter collectively, ("CPS") which operates within the City of Chicago.

5. Rosalba Najera-Porte is the Psychology Manager in the office of Specialized Services, School Support Services/ North Cluster of CPS and was and is at all times herein the Plaintiff's Direct Supervisor.

6. Otis Dunson III was the Principal of Brennemann School.

7. Harlee S. Till is the Principal of Swift School.

ADMINISTRATIVE PROCEDURES

8. Plaintiff filed a charge of employment discrimination against CPS with the District Office of the Equal Employment Opportunity Commission on February 11, 2008. The plaintiff received a right to sue on concerning the charges by letter from the district office of the EEOC dated February 18, 2009, on

February 19, 2009, entitling her to institute a civil action with respect to the charge within 90 days of the date of receipt of said notice.

## VIOLATIONS ALLEGED

9. Defendant is a local educational agency, a public entity employer and employs more than 200 employees which effects commerce.

10. Plaintiff was employed by CPS in September of 1974 as a Psychologist intern. The following year she became employed as a School Psychologist. She continues to serve in that capacity.

11. Plaintiff has consistently received a superior job rating in the performance of her duties as a School Psychologist.

12. Prior to August, 2005, the Plaintiff developed certain physical ailments that limited one or more major life activities. She was diagnosed by Dr. David Beigler, M.D. with scoliosis, tendinitis in her left knee, leg length discrepancy and a ligament tear of her left foot below her ankle on the outer portion of her foot. She has subsequently developed bursitis in her knee and arthritis in her collarbone.

13. Plaintiff's physical disabilities limit her ability to climb stairs and carry heavy objects.

14. Plaintiff can only climb six stairs at a time and is unable to carry objects such as package of test booklets due to her physical disabilities which also limit her ability to maneuver to climb stairs. She has developed arthritis in her right collarbone which limits her carrying capabilities.

15. Because of Plaintiff's disabilities reasonable accommodations were being provided by CPS to enable her to perform all of required tasks as a School Psychologist.

16. In August of 2005, Plaintiff was working at Gladstone school located at 1231 S. Damen, Chicago, Illinois and Galileo Scholastic Academy located at 820 S. Carpenter, Chicago, Illinois which were part of the South side cluster.

17. In August of 2005, due to her disability, Plaintiff requested that CPS provide her with reasonable accommodations to enable the Plaintiff to perform her essential job functions as a School Psychologist.

18. On December 28, 2005, CPS approved her request and provided a "parent worker other" at each school to serve as a reasonable accommodation for a qualified employee with a disability.

19. Because of the Plaintiff's condition she has difficulty driving distances greater than 20 minutes without the need for taking a break from driving and walking and stretching before she can resume driving.

20. In the spring of 2007, Plaintiff was happy to learn she was being transferred to CPS' North side cluster to work closer to her home to avoid the long distance and length of time needed to travel to Gladstone and Galileo.

21. On May, 15, 2007, she advised her then supervisor, Dr. Howse of several of the schools she had previously worked at in the north side closer to her home. Those included Brenneman, McCutcheon and Greeley. She also advised her then supervisor that she requires a handicap space and had aides and both of her existing schools.

22. Her new supervisor in the North Side Cluster was the Defendant, Rosalba Najera-Porte.

23. As of September 20, 2007, the Plaintiff was assigned to Brennemann School at 4251 N. Clarendon Ave, and Field School, 7019 N Ashland Blvd, both schools closer to her home.

24. Upon being assigned to the Field school, because of the school layout she was required to climb stairs, and as in the past she requested an aide as a reasonable accommodation.

25. CPS refused to provide her with an aide and immediately removed her from Field school refusing her request for a reasonable accommodation.

26. The plaintiff was informed of her removal from Field by the principal during a counseling session in front of two students.

27. She was then assigned to Greeley School where her office was on the third floor and the school did not have an operable elevator. She was removed the next day.

28. Plaintiff was subsequently assigned to Norwood Park School and then Portage Park School, 5330 W Berteau Ave, Chicago, far from the Plaintiff's home.

29. Plaintiff was assigned to Portage temporarily to cover for another school psychologist who was on leave. That psychologist returned in January of 2008 and the Plaintiff was then assigned to DePreist School, 139 S. Parkside, a forty minute drive in traffic from her home, for two days a week, She also was

assigned to Swift School, 5900 N Winthrop Ave., close to her home, for one and a half days a week. She remained at Brennemann for one and a half days a week.

30. Because of the need to have test booklets on site because Plaintiff could not carry them safely between and in schools, the Plaintiff requested a reasonable accommodation to have the test booklets deliverd to her schools. It took CPS over a year to provide test booklets to be delivered to each school. As a result, the Plaintiff was forced to carry booklets aggravating her physical condition and she developed arthritis in her collarbone.

31. Under Section 19-4 of the Agreement of between CPS and the Chicago Teaches Union, of which the Plaintiff is a bargaining member, school psychologists can indicate their desire to be transferred to posted vacancies. Under Section 44-48 of said Agreement, CPS is required to consider the seniority of psychologists requesting transfers. Copies of the respective sections are attached.

32. CPS and Rosalba Najera-Porte assigned the Plaintiff to the DePreist School after they refused to provide reasonable accommodations as required by Section 504 of the Rehabilitation Act of 1973, 29 USC Sec. 794 et. seq. and the Americans with Disabilities with Act ("ADA") 42 USC 12101 et. seq. CPS reassigned the Plaintiff in retaliation for the Plaintiff asserting her rights under the Americans with Disabilities with Act ("ADA") 42 USC 12203 CPS reassigned her because of her older age in violation of the Age Discrimination in Employment Act, ("ADEA") 29 USC 621 et. seq., making her working conditions

6

more difficult. CPS discriminatory conduct and retaliatory action in transferring the Plaintiff failed to consider the Plaintiff's seniority as required by contract

33. In September of 2008, CPS and Najera-Porte took further retaliatory discriminatory action against the Plaintiff in violation of the ADA and ADEA when she was transferred from Brennemann School to Dirksen School at 8601 W. Foster, more than fifty minutes from her home in traffic.

34. In November of 2008, the principal of Brenneman, Otis Dunson III and the principal of Swift, Harlee S. Till issued letters to the Plaintiff's supervisor Rosalba Najera-Porte, containing false allegations and attacks on the Plaintiff's professional abilities for the purpose of supporting the discriminatory transfers and the denial of reasonable accommodations to the Plaintiff. As a result the Plaintiff has caused to suffer extreme emotional distress. The severity of the emotional distress suffered by plaintiff was also manifest by physical as well as mental symptoms.

35. Plaintiff has no adequate or complete remedy at law to correct the practices described herein and this suit for injunctive relief is her only means for securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants' practices as set forth herein.

Wherefore, Helen P Simons prays of this Honorable Court as follows:

a. Order the Defendants to remove the above referenced letters written by the principals' from Plaintiff's personnel file.

b. Order the Defendants to provide reasonable accommodations for the Plaintiff's disability to enable her to perform her essential job functions. Grant+

7

Plaintiff a permanent injunction enjoining the Defendant, CPS, and its representatives and agents from engaging in any employment policy or practice which discriminates against the Plaintiff on the basis of her disability and age or taking any retaliatory against her.

  c. Award Plaintiff compensatory damages for the discrimination she has suffered.

  d. Order the defendant to be taxed with the costs of this action including reasonable attorney fees and expert witness fees.

  e. Retain jurisdiction of this cause to assure compliance with the orders of this Court.

/s/ Chris Goodman<br>
Chris Goodman

Chris Goodman
Jeffrey D. Greenspan
Pomper & Goodman
111 W Washington, Suite 1000
Chicago, IL 60602
312.236.2977
cgood100@yahoo.com
greenspanlaw@comcast.com